UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN JOHN BIESE,

      Plaintiff,

v.            Case No. 19-cv-874-pp

SGT. KYLE COOK, SGT. JOHN LANNOYE,
OFFICER LANNOYE, and CO KAMMER,

      Defendants.

---

## ORDER DISMISSING CASE WITH PREJUDICE

---

  On June 13, 2019, Benjamin John Biese (representing himself) filed this complaint alleging that the defendants violated his constitutional rights under 42 U.S.C. §1983 by failing to protect him from sexual assault by inmate Rollo Reginald Pierre Prince. Dkt. No. 1.

  Earlier that year, the plaintiff filed several lawsuits on behalf of himself and, oddly, Prince. Biese and Prince v. Baumann, Case No. 19-cv-606; Biese and Prince v. Ginsberg, Case No. 19-cv-690; Biese and Prince v. Cook, *et al.*, Case No. 19-cv-760. Those cases were assigned to Magistrate Judge David E. Jones. Judge Jones received a letter from Prince, saying that the plaintiff had filed the cases without Prince's knowledge or consent. Biese and Prince v. Cook, *et al.*, Case No. 19-cv-760, Dkt. No. 6 at 1. This caused Judge Jones to schedule a June 4, 2019 telephone hearing, during which he spoke separately with the plaintiff and Prince. Id. As a result of this hearing—which took place nine days before the plaintiff filed the complaint in *this* case—and the plaintiff's

1

litigation history, Judge Jones recommended in a report dated September 5, 2019 that this court sanction the plaintiff by "dismiss[ing] all of his pending civil cases and implement[ing] a filing bar." Id. at 5.

Dismissing all of a plaintiff's cases and barring him from filing in the future is a severe sanction. Judge Jones explained, however, that the plaintiff is "an experienced *pro se* litigant and a jailhouse lawyer." Id. at 1. Judge Jones recounted that the plaintiff had "a history of filing lawsuits only to voluntarily dismiss them early on in the proceedings, avoiding a 'strike' under 28 U.S.C. § 1915(g)." Id. He observed that the plaintiff had filed "nearly 50 cases in the Eastern District of Wisconsin alone." Id. at 1, 4 n.1 (listing the cases the plaintiff had voluntarily moved to dismiss and those dismissed for failure to prosecute). He explained that "[s]ince 2014, [the plaintiff] ha[d] engaged in a pattern of vexatious litigation" in the district, culminating in his filing six lawsuits on Prince's behalf without Prince's knowledge or permission. Id. at 4. Because the plaintiff had "engaged in a repeated and sustained pattern of filing and dismissing lawsuits," and because the plaintiff admitted to Judge Jones at the June 4, 2019 telephonic hearing that he filed suits on Prince's behalf without Prince's permission," Judge Jones recommended dismissal of all cases and a filing bar. Id. at 5. Judge Jones explained that he'd considered lesser sanctions; he concluded a monetary penalty would not work because the plaintiff rarely paid the initial partial filing fee, much less the full filing fee, and that dismissal alone would not work because the plaintiff had a pattern of voluntarily dismissing his own cases. Id. He recommended that the court order

2

that the plaintiff could file new cases in the Eastern District of Wisconsin only if the case was a petition for writ of *habeas corpus* or a complaint in which the plaintiff alleged that he was in imminent danger of physical harm. Id. at 6.

As the court noted, nine days after Judge Jones held the telephonic hearing, the plaintiff filed this case. It was pending at the time Judge Jones issued his recommendation that this court dismiss all the plaintiff's civil cases and bar him from further filings. Somehow, however, he did not list this case among the pending cases to be dismissed. On February 28, 2020, this court adopted Judge Jones' recommendation to dismiss the plaintiff's pending civil cases. This court's order also neglected to list this case as one of the ones to be dismissed. Case No. 19-cv-760, Dkt No. 7 at 8 (adopting "Judge Jones' recommendation to dismiss Case Nos. 19-cv-606, 19-cv-690 and 19-cv-760"). As a result of this oversight, this case has remained pending despite the fact that this court dismissed all the plaintiff's other cases and has barred him from filing cases in the future unless they are *habeas* petitions or unless he can demonstrate that he is in imminent danger of serious physical injury.

This case should have been dismissed in February 2020 because it was one of the plaintiff's pending civil cases at that time. But there is another reason the court will dismiss it now. As the court noted, the plaintiff filed this case nine days after Judge Jones held the June 4, 2019 hearing at which he spoke separately to the plaintiff and inmate Prince. At that hearing, Prince told Judge Jones that he had not given the plaintiff permission to file lawsuits on his behalf. Case No. 19-cv-760, Dkt. No. 6 at 3. Prince told Judge Jones that

he originally had asked the plaintiff for help, but then had asked the plaintiff to stop "helping" him when the plaintiff did not do what Prince asked him to do. Id. Prince also told Judge Jones that since then, the plaintiff had been harassing him and that he did not want the plaintiff filing anything for him. Id. Nine days later, the plaintiff filed the complaint in this case, in which he alleged that months earlier—in February and March 2019—Prince sexually assaulted him (and that the defendants had taken no action to prevent it). Dkt. No. 1 at 2-3. In this case, the plaintiff claimed that he and Prince were both in general population and that he was at risk of being assaulted by Prince. Id. at 3.

It is hard to escape the conclusion that the plaintiff committed fraud by filing lawsuits in Prince's name without Prince's permission, got caught when Prince wrote to Judge Jones, was punished after a hearing at which Judge Jones confronted the plaintiff with his fraud, and retaliated by filing this lawsuit claiming that Prince had assaulted him and that he was in danger from Prince. This kind of misconduct is no more acceptable or tolerable than the plaintiff's abuse of the court system by filing lawsuits that he dismisses before paying the initial partial filing fee or filing lawsuits on behalf of other people without their consent.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for the reasons stated above and for the reasons stated in Case No. 19-cv-606 at

4

Dkt. No. 14; Case No. 19-cv-690 at Dkt. No. 4; Case No. 19-cv-760 at Dkt. No. 7. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 20th day of January, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**